UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Naeem W. Butt,                         Bankruptcy Case No. 19-20076-PRW
       *dba* Sole Officer & Shareholder       Chapter 11
       of F.M Butt Hotels Corp.,
       *fdba* Sole Officer & Shareholder of
       of Cornerstone Hotels Corp.,

                     Debtor.

_____


**DECISION AND ORDER
GRANTING MOTION TO DISMISS**

PAUL R. WARREN, U.S.B.J.

**I.**

**OVERVIEW**

      Businesses often use Chapter 11 of the Bankruptcy Code to attempt to reorganize. While under bankruptcy protection, a Chapter 11 debtor may retain control of its business and reorganize through such means as refinancing debt, selling assets, accepting or rejecting leases, and ultimately proposing a plan of reorganization—all in an effort to manage pre-bankruptcy debt burdens. Chapter 11 cases are usually complicated. Because of its complexity and expense, Chapter 11 is less frequently utilized by individual debtors. This is a Chapter 11 case filed by an individual.

      On January 28, 2019, Naeem W. Butt filed a bare bones Chapter 11 petition. Then, nothing happened in his bankruptcy case. Mr. Butt's bankruptcy case languished for two months, while uncured deficiencies piled up on the docket because of Mr. Butt's failure to attend

to his obligations under Chapter 11. (*See* ECF Nos. 5, 8). Instead of filing the missing statements, schedules, and forms required by the Code and Rules—by the deadline imposed by an Order of the Court—Mr. Butt moved to voluntarily withdraw his Chapter 11 case on the last day for compliance with that Order. (ECF Nos. 17, 25). On March 28, 2019, the Court held a hearing on that motion. (ECF No. 33). The Court granted a one-week adjournment of that motion at the request of Mr. Butt, during which hiatus the United States Trustee ("UST") filed a motion to convert or dismiss Mr. Butt's case—to be heard on shortened time, so as to be considered at the same time as the final hearing on Mr. Butt's own motion to dismiss. (ECF Nos. 36-38). The UST seeks conversion or dismissal of this case due to Mr. Butt's failure to timely satisfy filing or reporting requirements under 11 U.S.C. §§ 704, 1112(b)(4)(F), and 1112(b)(4)(H), failure to provide evidence of the establishment of a debtor-in-possession bank account in violation of 11 U.S.C. § 704 and Rule 2015 FRBP, and failure to attend the § 341 meeting of creditors as required by 11 U.S.C. § 343 and § 1112(b)(4)(G). (ECF No. 37).

It is Mr. Butt's seemingly calculated inaction during the two months since this case was filed that raises issues of much concern to the Court. By filing his petition, Mr. Butt has received the benefit of the automatic stay, while failing to fulfill any of his obligations under Chapter 11 of the Code. Other than filing some of the missing schedules and statements during the past few days and providing some—but not all—of the documentation demanded by the UST, Mr. Butt has done nothing to fulfill his obligations under Chapter 11. (*See* ECF No. 44).

The UST has demonstrated cause to convert or dismiss this case under 11 U.S.C. §§ 1112(b)(1), (b)(4)(F), (b)(4)(G), and (b)(4)(H). The exceptions under § 1112(b)(1) and (b)(2) do not apply in this case. In the exercise of its discretion, the Court finds that dismissal of this Chapter 11 case is in the best interests of creditors and the estate. The motion of the UST is

**GRANTED** under 11 U.S.C. § 1112(b)(1), (b)(4)(F), (b)(4)(G), and (b)(4)(H). The case is **DISMISSED** under 11 U.S.C. § 1112(b)(1). Mr. Butt's motion to dismiss at ECF No. 25 is **MOOT**.

II.

JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

III.

FACTS

Naeem W. Butt is the sole officer and shareholder of F.M. Butt Hotels Corp. ("FMBHC"), which owns and operates a hotel located at 911 Brooks Avenue, Rochester, New York. (ECF No. 25, ¶ 2). FMBHC purchased the hotel and its contents ("Property") for $5,880,000 on May 17, 2017. (ECF No. 30, Ex. C). The purchase of the Property was financed by two loans to FMBHC from Access Point Financial, Inc. ("Access Point"), in exchange for which FMBHC gave a mortgage interest in the hotel and a security interest in the contents of the hotel to Access Point. (ECF No. 25, ¶¶ 3, 4). Mr. Butt personally guaranteed those obligations. He also pledged his 100% stock interest in FMBHC to collaterally secure the loans.

Mr. Butt filed this Chapter 11 proceeding on January 28, 2019, in order to stop the foreclosure sale of his stock in FMBHC, which was scheduled to occur that day. (*Id.* at ¶ 1). As of January 31, 2019, FMBHC's total debt owed to Access Point was $6,647,386.83. (*Id.* ¶ 4).

Amazingly, Mr. Butt claims that the fair market value of FMBHC's real property is now worth $9,300,000. (ECF No. 35, Sch. D). At the Court's hearing on April 4, 2019, he attributed this valuation to an appraisal recently performed under Access Point's direction, but which he had not actually seen. In comparison to Mr. Butt's multi-million-dollar secured debt, as guarantor of FMBHC's indebtedness to Access Point, Mr. Butt owes a mere pittance in unsecured debt, totaling approximately $2,600. (ECF No. 1).

On February 25, 2019, Mr. Butt filed a motion to voluntarily dismiss his bankruptcy case. (ECF No. 25).[1] Access Point entered a response to Mr. Butt's motion, seeking dismissal with prejudice and requesting that Mr. Butt be prevented from "refiling any bankruptcy petition in any court for at least three hundred and sixty five (365) days." (ECF No. 30). On March 28, 2019, a hearing was held on Mr. Butt's motion, at which time Mr. Butt expressed the desire to find new counsel. The Court granted Mr. Butt a short adjournment, until April 4, 2019, to seek new

---

[1] On March 15, 2019, before a hearing could be held on Mr. Butt's motion to dismiss, F.M. Butt Hotels Corp. filed a Chapter 11 voluntary petition. (Case No. 19-20222). That petition was signed by Mr. Butt, a non-attorney acting as principal of the corporation, and was immediately dismissed by the Court *sua sponte* and *ab initio* because a corporation cannot proceed *pro se*. (Case No. 19-20222, ECF No. 2). Three days later, F.M. Butt Hotels Corp. again filed a Chapter 11 voluntary petition—this time with the assistance of counsel. (Case No. 19-20234). As with Mr. Butt's case, FMBHC has failed to file any of the schedules and statements required under the Code. (Case No. 19-20234, ECF No. 4). Of course, Mr. Butt controls FMBHC and his disregard for the duties imposed by the Code and Rules is evident in the corporate case too. A motion for relief from stay and motion to dismiss, filed by Access Point, was scheduled to be heard in that case on May 2, 2019. (Case No. 19-20234, ECF Nos. 16, 20, 21). Access Point sought relief in order to continue with state court foreclosure proceedings against FMBHC. The Court, however, dismissed the corporate case on April 4, 2019, due to Mr. Butt's failure to comply with the Court's Order of March 19, 2019, stating that "the Court may dismiss this case under 11 U.S.C. § 1112(b), *sua sponte*, if the required statements and schedules are not timely filed under Rule 1007 FRBP." (Case No. 19-20234, ECF Nos. 4, 24). The filings in both of these bankruptcy cases are playing out against the backdrop of a mortgage foreclosure action in New York State court brought by Access Financial against FMBHC, resulting in an order for the appointment of a receiver by the state court on March 1, 2019. (Case No. 19-20234, ECF No. 16, Ex. M).

counsel.  The following day, Mr. Butt filed some of the statements and schedules that were missing from his petition.² (ECF No. 35).  Mr. Butt did not retain a new attorney.

On April 1, 2019, the UST filed a motion to convert or dismiss this case for cause, under 11 U.S.C. § 1112(b), because Mr. Butt (1) failed to file monthly operating reports, (2) failed to file Official Form 426, (3) failed to file pay advices, (4) failed to provide a Domestic Support Obligation form, (5) failed to provide proof of the establishment a Debtor-In-Possession account, (6) failed to provide evidence of the closure of pre-petition bank accounts, and (7) failed to attend the § 341 meeting of creditors scheduled for March 5, 2019.  (ECF No. 37).  The Court granted the UST's request to have the motion to dismiss heard on shortened time—to be heard at the same time as the continued hearing on Mr. Butt's own motion to dismiss.  (ECF No. 38).  Mr. Butt filed opposition to the UST's motion, seeking to withdraw his own motion to dismiss and detailing Mr. Butt's efforts to correct the failures identified by the UST.  (ECF No. 44).  After thumbing his nose at the Code and Rules for two months, now Mr. Butt wants to get serious and remain under the protection of Chapter 11.

---

² Mr. Butt failed to file—with the petition—Schedules A/B, C, D, E/F, G, H, I, J, a Statement of Financial Affairs, a Summary of Assets and Liabilities, a Ch. 11 Statement of Current Monthly Income, and an Attorney Disclosure Statement.  (ECF No. 8).  The Court granted a motion to extend the deadline to file these documents and, by Order, set February 25, 2019 as the final deadline.  (ECF No. 17).  Rather than filing the required statements and schedules, Mr. Butt filed a motion to dismiss his case on February 25.  In effect, Mr. Butt bided his time in bankruptcy for more than two months, at which point he decided to proceed with his case and filed statements and schedules on April 1, 2019.  (ECF No. 35).  Mr. Butt did not seek—by motion—the Court's permission to late-file his schedules and statements, as required by Rule 9006(b)(1) FRBP.  Even if permission had been sought, it seems unlikely that Mr. Butt would have been able to demonstrate that his failure to act sooner "was the result of excusable neglect."  Rule 9006(b)(1).  Such "failure to comply with an order of the court" serves as an additional basis for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(E).

# IV.

# DISCUSSION

A. <u>**Cause Has Been Demonstrated Under 11 U.S.C. § 1112(b)**</u>

This Court has had numerous occasions to consider the appropriateness of conversion or dismissal of a Chapter 11 bankruptcy case under 11 U.S.C. § 1112(b). *In re Anvil Holdings, LP*, 595 B.R. 622 (Bankr. W.D.N.Y. 2019); *In re 250 Pixley Rd., LLC*, No. 17-20125-PRW, 2018 Bankr. LEXIS 765 (Bankr. W.D.N.Y. Mar. 16, 2018); *In re Encore Prop. Mgmt.*, 585 B.R. 22 (Bankr. W.D.N.Y. 2018); *In re Rondaxe Props., LLC*, No. 15-20222, 2015 Bankr. LEXIS 2140 (Bankr. W.D.N.Y. June 30, 2015); *In re Seneca BioEnergy, LLC*, No. 14-21470, 2015 Bankr. LEXIS 1685 (Bankr. W.D.N.Y. May 19, 2015); *In re Spencerport Dev., LLC*, No. 14-21154 (PRW), 2014 Bankr. LEXIS 4909 (Bankr. W.D.N.Y. Dec. 4, 2014). Dismissal or conversion of a Chapter 11 case *must* be granted under 11 U.S.C. § 1112(b), if the moving party demonstrates cause, unless the Court finds that either of the exceptions created under § 1112(b)(1) or (b)(2) apply. *Anvil*, 595 B.R. at 628-29; *Rondaxe*, 2015 Bankr. LEXIS 2140, at *4-5; *Seneca*, 2015 Bankr. LEXIS 1685, at *6; *Spencerport*, 2014 Bankr. LEXIS 4909, at *3-4. Here, no party in interest has requested the appointment of a Chapter 11 trustee or examiner, and no "unusual circumstances" have been identified that would make conversion or dismissal contrary to the best interests of creditors. 11 U.S.C. § 1112(b)(1) and (2). The court finds that the exceptions under § 1112(b)(1) and (b)(2) do not apply in this case.

The moving party bears the initial burden to establish, by a preponderance of the evidence, the existence of cause to convert or dismiss a Chapter 11 case. *Anvil*, 595 B.R. at 629; *Rondaxe*, 2015 Bankr. LEXIS 2140, at *5; *Seneca*, 2015 Bankr. LEXIS 1685, at *7; *Spencerport*, 2014 Bankr. LEXIS 4909, at *4; 7 Collier on Bankruptcy ¶ 1112.04[4] (16th ed.

rev.). If the moving party establishes cause—and the Court finds (as it has) that the exceptions under § 1112(b)(1) and (b)(2) do not apply—the statute commands that the Court *must* convert or dismiss the Chapter 11 case. 11 U.S.C. § 1112(b)(1). Here, the UST has demonstrated that cause to convert or dismiss exists. While Mr. Butt attempts to excuse away many of his failures to timely fulfill his Chapter 11 obligations, Mr. Butt concedes that he failed to attend the § 341 Meeting of Creditors, as mandated by 11 U.S.C. § 1112(b)(4)(G). (ECF No. 44, ¶ 9). And he concedes that he has not filed Monthly Operating Reports, as required under 11 U.S.C. § 1112(b)(4)(F). (*Id.* ¶ 11). So, as of the hearing on the UST motion to dismiss, because of Mr. Butt's failure to file required financial information, the parties in interest know nothing about his financial condition. Cause to convert or dismiss has been demonstrated under 11 U.S.C. §§ 1112(b)(1), (b)(4)(F), (b)(4)(G), and (b)(4)(H).

**B.** **Dismissal Serves the Best Interests of Creditors**

The decision of whether to convert or dismiss this Chapter 11 case turns on which remedy will serve the best interests of creditors and the estate. Here, dismissal best serves those interests. Mr. Butt's bankruptcy case was filed for the sole purpose of stopping the foreclosure sale of his stock in F.M. Butt Hotels Corp. (ECF No. 25, ¶ 1). His estate consists of his stock in FMBHC, two late-model vehicles, and an unverified interest in inherited real estate in Pakistan. (*Id.* ¶ 6). Apart from his guaranty obligation to FMBHC, a secured claim, Mr. Butt has no significant unsecured debt. (*Id.* ¶ 5). This case is a two-party dispute between Mr. Butt and Access Point. Mr. Butt's efforts here appear to be nothing more than a litigation tactic to prevent Access Point from exercising its rights as a secured creditor under the loan guarantee agreements. Access Point should be allowed to pursue its rights under New York State law. Accordingly, the Court finds that dismissal of this case serves the best interest of creditors.

7

The extra layer of relief sought by Access Point—dismissal with a bar to refiling for 1 year—goes too far. While Mr. Butt does not deserve to have this case continue, given the command of 11 U.S.C. § 1112(b)(1), he has not done enough (yet) to warrant the imposition of dismissal "with prejudice." The request by Access Point for a one-year bar to refiling by Mr. Butt is denied on the facts of this case.

## V.

## CONCLUSION

The Court finds, in the exercise of its discretion, that dismissal of this case is in the best interests of creditors and the estate. The motion of the UST is **GRANTED** under 11 U.S.C. §§ 1112(b)(1), (b)(4)(F), (b)(4)(G), and (b)(4)(H). The case is **DISMISSED** under 11 U.S.C. § 1112(b)(1). Mr. Butt's motion to dismiss at ECF No. 25 is **MOOT**. The request of Access Point for a dismissal with a bar to refiling is **DENIED**. The Clerk of Court is directed to close this case immediately.

**IT IS SO ORDERED.**

DATED: April 4, 2019 _____/s/_____
      Rochester, New York        HON. PAUL R. WARREN
                                     United States Bankruptcy Judge